UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81222-CIV-MARRA/MATTHEWMAN

DAVID RAMNARINE,

    Plaintiff,

vs.

SIDNEY SPIEGEL AS TRUSTEE OF
TRUST #31520371 dated October 25, 1984,
TOOJAY'S MANAGEMENT CORPORATION,
TOOJAY'S PALM BEACH, LLC, and
HILLSTONE RESTAURANT GROUP, INC.,

    Defendants.
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Defendant Sidney Spiegel's First, Second and Eighth Affirmative Defenses to Plaintiff's Complaint [DE 27]. The Court has carefully considered the motion, response, reply, and is otherwise fully advised in the premises.

## Introduction

Plaintiff brings this action pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG") for, among other things, entry of an order requiring Sidney Spiegel as Trustee of Trust #31520371 dated October 25, 1984 ("Defendant") to remove physical barriers and alter the subject shopping plaza to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA. In

Defendant's Answer, he asserts multiple affirmative defenses. Plaintiff seeks to strike three of them as discussed below.

**Standard of Review**

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D. Fla.1989) (quoting *Fla. East Coast Railway Co. v. Peters*, 72 Fla. 311 (1916)). Federal Rule of Civil Procedure 12(f) allows a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While motions to strike are generally disfavored, an affirmative defense will be stricken if it is insufficient as a matter of law. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

A defense that points out defects in the Plaintiff's *prima facie* case is not a true affirmative defense. *See In re Rawson Food Service, Inc.*, 846 F.2d 1343 (11th Cir.1988). While some courts have stricken these types of defenses, other courts have found that the proper remedy is not to strike these defenses but to treat these defenses as specific denials. *CI Int'l Fuel, LTDA v. Helm Bank, S.A.*, No. 10-20347-CIV, 2010 WL 3368664, at *2-3 (S.D. Fla. Aug. 23, 2010) (denying motion to strike and treating defenses as denials) (citation omitted). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to

the movant." *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fla. 1995) (citing *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir.1962)).

**Discussion**

Defendant's First Affirmative Defense states: "Plaintiff lacks standing to bring this action because Plaintiff seeks to obtain relief on behalf of 'individuals with disabilities to the full extent required by the ADA.'   If Plaintiff has standing it is only to seek an injunction for any alleged damages incurred as a result of his own disability."  DE 19 at 8.

Plaintiff responds that this contention is a *non sequitur* because Plaintiff's Complaint makes clear he is suing in his individual capacity only, and not on behalf of anyone else or as a member of any organization.  Upon a review of the entire Complaint, the Court agrees with Plaintiff that his claim to make Defendant's premises "readily accessible to and usable by individuals with disabilities to the full extent required by the ADA," does not encompass claims on behalf of others for whom he does not have standing.  As a result, Defendant's First Affirmative Defense is stricken.

Defendant's Second Affirmative Defense states: "Plaintiff lacks standing to bring this action because Plaintiff has not alleged when he will return to the subject property."   Plaintiff's assertion that he intends to return to the property soon or in the near future is legally sufficient.  Whether Plaintiff can prove that allegation at

trial is a factual question.  Thus, Defendant's Second Affirmative Defense challenging the truthfulness of that assertion is simply a denial of the allegations of the Complaint.  It is not an affirmative defense.  *See In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.")  In fact, Defendant denies that allegation in his answer, thus making this affirmative defense redundant.  Hence, Defendant's Second Affirmative Defense is stricken.

Defendant's Eighth Affirmative Defense states, "[t]he subject property was built prior to the effective date of the ADA, and thus the ADA only requires that it remove barriers where such removal is readily achievable."  Plaintiff argues this should be stricken because it is a redundant denial of paragraph 15 of the Complaint wherein it is alleged that the "removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and technically feasible.  42 U.S.C.A. § 12182(b)(A)(iv) and 42 U.S.C.A. § 12183(a)(2)."

Defendant responds that the Eight Affirmative Defense is not a mere denial, but is instead an appropriate affirmative defense pursuant to existing case law.  Defendant cites this Court's holding in *Ramnarine v. RG Group, Inc.*, 12-80264-CIV, 2012 WL 2735340, *4 (S.D. Fla. July 9, 2012) which states, "there is nothing improper about Defendant asserting an affirmative defense that it need not comply with the ADAAG for new construction." *Id*.

The Court agrees with Defendant that there is a difference between denying

the factual assertion that modifications to the property are readily achievable, and an affirmative defense which asserts that it need not make any modifications unless they are readily achievable.  Therefore, Plaintiff's motion to strike the Eight Affirmative Defense is denied.

Therefore, in accordance with the findings herein, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Defendant Sidney Spiegel's First, Second and Eight Affirmative Defenses to Plaintiff's Complaint [DE 27] is granted in part and denied in part.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of April, 2013.

_____
KENNETH A. MARRA
United States District Judge